**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

SignalWave, LLC, *a Florida limited
liability company*,

            Plaintiff,

v.

NextGen RF Design, Inc., *a Minnesota
corporation*,

            Defendant.

Civil No. 26-1561 (DWF/DTS)

**MEMORANDUM
OPINION AND ORDER**

**INTRODUCTION**

This matter is before the Court on Plaintiff SignalWave, LLC's ("SignalWave")

motion for a preliminary injunction.  (Doc. No. 20.)  Defendant NextGen RF Design, Inc.

("NextGen") opposes the motion and requests that this case be dismissed without

prejudice because the claims are subject to arbitration and a mandatory forum-selection

clause making this forum improper.  (Doc. No. 30.)  For the reasons set forth below, the

Court finds that this case is properly dismissed without prejudice because it was brought

in the wrong forum and denies SignalWave's motion for preliminary injunction as moot.

**BACKGROUND**

NextGen is a Minnesota corporation that manufactures and distributes

communication equipment, including the Guardian product line.  (Doc. No. 24 ¶ 4; Doc.

No. 31 ¶ 2.)  On July 17, 2024, SignalWave and NextGen executed a Reseller

Agreement.  (Doc. No. 24 ¶ 5; Doc. No. 24-1 ("Reseller Agreement").)  The purpose of

the Reseller Agreement "is to establish a business relationship to pursue selling opportunities for NextGen and Reseller through the exchange of business information, some of which may be confidential." (Reseller Agreement at 2.)  Under the terms of the Reseller Agreement, NextGen agreed to sell to SignalWave certain communication products, including Guardian products, for which SignalWave would then have certain territorial rights regarding the resale of those products.  (*Id.*)

Importantly, the Reseller Agreement contains an arbitration and venue clause:

> All claims or disputes between NextGen and [SignalWave] arising out of or relating to this Agreement, or breach thereof, other than for equitable relief or the collection of money due NextGen from [SignalWave] for Products, shall be decided in accordance with the commercial arbitration rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. . . . The exclusive venue for any arbitration or other legal action or suit hereunder shall be in the County of Nicollet, Minnesota.

(*Id.* at 8.)

On February 20, 2026, SignalWave brought this lawsuit, alleging that NextGen breached the Reseller Agreement.  (Doc. No. 1.)  On March 10, 2026, SignalWave filed an amended complaint.  (Doc. No. 33.)  SignalWave asserts two causes of action:  breach of contract and declaratory judgment.[1]  (*Id.* ¶¶ 70-83.)  SignalWave initially moved *ex parte* for a Temporary Restraining Order on its breach of contract and declaratory judgment claims.  (Doc. No. 6.)  The Court denied that motion and directed SignalWave to file a motion for preliminary injunction.  (Doc. No. 12.)  Now before the Court is

---

[1]     The declaratory judgment claim seeks declarations related to SignalWave's alleged contractual rights under the Reseller Agreement.  (Doc. No. 33 ¶¶ 80-83.)

SignalWave's motion for a preliminary injunction, wherein SignalWave seeks an order enjoining NextGen from terminating the Reseller Agreement pending adjudication of its claims on the merits. NextGen opposes the motion and requests that the Court dismiss this case without prejudice because SignalWave's claims are subject to both an arbitration clause and a mandatory forum-selection clause.

## DISCUSSION

### I.    Dismissal Without Prejudice

NextGen argues that SignalWave commenced this action in violation of the terms of the Reseller Agreement. Specifically, NextGen argues that SignalWave's claims are subject to an arbitration clause and a mandatory forum-selection clause and, for these reasons, asks the Court to dismiss this action without prejudice.

The Court first addresses the arbitration clause. The Federal Arbitration Act ("FAA") establishes a strong federal policy in favor of arbitration. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). On a petition to compel arbitration, the Court determines whether: (1) a valid agreement to arbitrate exists between the parties; and (2) the specific dispute is within the scope of that agreement. *See Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004).

The parties do not dispute that the Reseller Agreement—and the arbitration agreement and forum-selection clause contained within it—is valid. Therefore, the Court considers only whether the arbitration agreement encompasses the current dispute. The arbitration clause reads, in part: "All claims or disputes between NextGen and Reseller arising out of or relating to this Agreement, or breach thereof, other than for equitable

3

relief . . . , shall be decided in accordance with the commercial arbitration rules of the American Arbitration Association." (Reseller Agreement at 8.) While SignalWave's breach of contract and related declaratory judgment claims undoubtedly arise from or relate to the Reseller Agreement, the arbitration clause specifically excludes "equitable relief." The present motion is for a preliminary injunction which constitutes equitable relief. The Court therefore finds that the arbitration clause does not cover this specific motion for equitable relief.

This does not end the Court's inquiry, however, because the Reseller Agreement also contains a forum-selection clause. As an initial matter, SignalWave argues that because NextGen did not file a formal motion to dismiss, the Court cannot consider NextGen's request. The Court disagrees. This case is before the Court on an expedited motion for preliminary injunction, one that SignalWave first attempted to bring *ex parte*. At the hearing, NextGen pointed out that its request, via its opposition to the motion, is a valid response to an emergency motion. The Court accepts NextGen's request for dismissal as properly before the Court. *Cf. Thompson v. Stryker Corp.*, No. 10-cv-1560, 2010 WL 11640225, at *2 (D. Minn. 2010) (noting courts' power to transfer sua sponte under the doctrine of forum non conveniens).

"A valid forum-selection clause should be given controlling weight in all but the most exceptional circumstances." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation modified); *see also Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 973 (8th Cir. 2012) ("Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for

reasons such as fraud or overreaching." (quoting *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir.1999))).

Federal courts distinguish between mandatory and permissive forum selection clauses. *See McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 346-47 (8th Cir.1985). Mandatory clauses use specific language such as "exclusive," "sole," or "only" to clearly designate a forum. *Fl. State Bd. of Admin. v. Law Eng'g & Env't Servs., Inc.*, 262 F. Supp. 2d 1004, 1009-10 (D. Minn. 2003). Here, the forum-selection clause states that "[t]he exclusive venue for any arbitration or other legal action or suit hereunder shall be in the County of Nicollet, Minnesota." (Reseller Agreement at 8.) This language is mandatory—specifying Nicollet County, Minnesota, as the "exclusive" forum.

The clause also states that venue "shall be *in* the County of Nicollet, Minnesota." SignalWave argues that venue is proper because this Court "is the federal district court with jurisdiction over Nicollet County, Minnesota." (Doc. No. 33 ¶ 5.) A forum-selection clause that provides that litigation occur "in" a certain county can encompass the federal court in that county, and the Eighth Circuit recognizes that forum-selection clauses construed by other circuits have limited venue to "courts in [location]" or "courts of [location]." *Smart Commc'ns Collier Inc. v. Pope Cnty. Sheriff's Off.*, 5 F.4th 895, 898 (8th Cir. 2021). So, for example, when a clause requires a suit to be brought *in* a particular county and there is a federal courthouse in that county, the "courts in location" provision would allow venue in state or federal courts within the boundaries of the county. *See id.* (explaining that the use of the location as a noun denotes a limitation on

venue to courts in that designated location); *see also Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) ("Hence the phrase 'courts in' a [location] includes any court within the physical boundaries of the [location], even if the court does not derive its power and authority from the sovereignty of the [stated location].").  But here, there is no federal courthouse in Nicollet County, and there is no language that suggests proper venue outside of the geographic boundary.  Instead, the Nicollet County District Court, which is part of the Minnesota judicial branch, is located in Nicollet County, Minnesota. *See Nicollet County District Court*, Minn. Jud. Branch, https://mncourts.gov/find-courts/nicollet (last visited Mar. 16, 2026).  Thus, the exclusive forum for adjudicating all disputes related to the Reseller Agreement is in Nicollet County.  Because this Court is not in Nicollet County, venue is improper.

Forum non conveniens is the proper procedure for enforcing mandatory forum-selection clauses, including dismissal if the contractual forum is not federal.  *See Atl. Marine*, 571 U.S. at 60; *PersaudBramante Apartments, L.L.C. v. Underwriters at Lloyd's of Lond.*, 681 F. Supp. 3d 1022, 1029-30 (D. Minn. 2023).  A dismissal based on forum non conveniens requires evaluation of "both the convenience of the parties and various public-interest considerations." *See Atl. Marine*, 571 U.S. at 62.  In considering such factors, courts ordinarily give some weight to the plaintiffs' choice of forum. *Id.* at 62 n.6.  However, when there is a valid forum-selection clause, the plaintiff's chosen forum "merits no weight" and the private-interest factors are deemed to "weigh entirely in favor of the preselected forum." *Id.* at 63-64.  Thus, even if some considerations weigh in favor of SignalWave's chosen forum, the forum-selection clause in the Reseller

Agreement must be enforced unless there are "exceptional factors" that warrant disregarding it. *Id.* at 62.

SignalWave has not demonstrated any such factors are at play here. The Court concludes that SignalWave's claims against NextGen must be dismissed without prejudice and, if SignalWave so chooses, they may be filed in the parties' agreed-upon forum—Nicolett County, Minnesota.

## II.    Preliminary Injunction

Based on the Court's ruling above, SignalWave's motion for preliminary injunction is properly denied as moot. Instead, a court in the proper forum may appropriately consider NextGen's motion. Or, of course, the parties could proceed directly to arbitration. The Court notes, however, that even if it had considered the motion for preliminary injunction, the Court would have denied it.

It is well-understood that a preliminary injunction is warranted when a moving party shows that four factors weigh in its favor: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) an injunction is in the public interest. *See Cigna Corp. v. Bricker*, 103 F.4th 1336, 1342 (8th Cir. 2024); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). SignalWave, in this Court's assessment, falls short because it has not demonstrated a likelihood of success on the merits or the threat of irreparable harm. SignalWave's arguments rely heavily on the theory that the term of the Reseller Agreement was modified by NextGen's statements that it would "support SignalWave for the coming years." (Doc. No. 24-2, 24-3.) These statements,

however, do not evidence a modification of the parties' agreement because they are vague, were not directed to or signed by SignalWave, and do not otherwise evidence an effect on the terms of the Reseller Agreement. In addition, there is no dispute that the Reseller Agreement authorizes termination of the Agreement "for any reason or for no reason" with 60 days' notice, or 10 days' notice after a default and failure to cure. (*See* Reseller Agreement at 6-7.) NextGen noticed termination under both provisions. (Doc. No. 24-7; Doc. No. 25-5.) Thus, even if SignalWave could demonstrate a breach based on a modification of the terms, or under other theories, its damages, at most, would be calculated using the 60-day clock. SignalWave has not demonstrated that any such damage would not be fully compensable with money damages.

## CONCLUSION

The Court finds that the mandatory forum-selection clause in the Reseller Agreement requires that this case be dismissed without prejudice. In addition, the Court denies SignalWave's motion for preliminary injunction as moot.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    SignalWave's motion for preliminary injunction (Doc. No. [20]) is **DENIED AS MOOT**.

2.    NextGen's request that this case be dismissed without prejudice (Doc. No. [30]) is **GRANTED**.

3.        This case is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated:  March 17, 2026                  s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge